IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROY THOMAS CANNON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:00-CR-00081 (MTT) |
| | : | NO. 5:11-CV-90106 (MTT) |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Petitioner Roy Thomas Cannon has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 27. Respondent alleges that Petitioner's motion is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996. Doc. 32. Because Petitioner failed to file his Section 2255 motion within the one-year period of limitations and because Petitioner has failed to show that he is entitled to equitable tolling or that he is actually innocent, it is **RECOMMENDED** that the motion be **DISMISSED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 2000, a single-count indictment was returned in this Court against Petitioner Roy Thomas Cannon charging Petitioner with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Doc. 1. Section 924(e), known as the Armed Career Criminal Act (ACCA), is a sentencing enhancement that establishes a 180 month mandatory minimum sentence for any person who violates Section 922(g)(1) and has three or more prior violent felony or serious drug convictions. 18 U.S.C. § 924(e)(1). The indictment identified three prior violent felonies committed by Petitioner: arson in the second degree,

1

burglary in the second degree, and robbery in the second degree. All of Petitioner's prior convictions occurred in the Sixth Circuit Court of Florida.

On June 5, 2001, Petitioner entered into a plea agreement with the Government and pleaded guilty to the indictment as charged. Doc. 14. On August 21, 2001, Petitioner's case was called for sentencing. Doc. 20. Based on the sentencing guidelines and the ACCA enhancement, the Presentence Investigation Report (PSR) determined that Petitioner's sentencing guideline range was 180-188 months. The Government, however, filed a motion for a downward departure from the mandatory minimum sentence of 180 months. The Court overruled Petitioner's objections to the PSR, but the Court accepted the Government's motion for a downward departure. The Court therefore sentenced Petitioner to 168 months imprisonment followed by five years of supervised release. Judgment was entered on August 28, 2001. Doc. 22. Petitioner did not file an appeal. Petitioner asserts that his Section 2255 motion was placed in the hands of prison officials for mailing on March 1, 2011. Doc. 27. The Court received Petitioner's Section 2255 motion for filing on June 1, 2011. Id.

## DISCUSSION

Petitioner's Section 2255 motion asserts that he is actually innocent of his ACCA enhancement in light of the Supreme Court's decision in Johnson v. United States, 130 S.Ct. 1265 (2010). Petitioner argues that his motion should be considered timely filed because it was handed to prison officials for mailing within one year of the Supreme Court's decision in Johnson. Respondent contends that Petitioner's Section 2255 motion should be dismissed as time-barred because Petitioner failed to submit his petition within one year of his conviction becoming final. Respondent also contends that the holding in Johnson is inapplicable to Petitioner's case, and therefore Petitioner is not entitled to a later starting date for the one-year

limitations period. Because Petitioner did not file his Section 2255 motion within one year of his conviction becoming final and because <u>Johnson</u> is inapplicable to Petitioner's case, Petitioner's motion is time-barred by the one-year limitations period. Additionally, Petitioner has failed to show that he is entitled to equitable tolling or that he is actually innocent. Accordingly, Petitioner's motion must be dismissed.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 provides a one-year statute of limitations for Section 2255 motions. According to the AEDPA, the statute of limitations shall run from "the date on which the judgment becomes final." 28 U.S.C. § 2255(f)(1). The statute of limitations may run from a later date, however, if the Supreme Court recognizes a new right and the newly recognized right has been made retroactively applicable to cases on collateral review. <u>Id.</u> at § 2255(f)(3).[1]

Petitioner did not file his Section 2255 motion within one year of his conviction becoming final. If a petitioner does not appeal his conviction or sentence, the judgment becomes final when the time for seeking that review expires. <u>Mederos v. United States</u>, 218 F.3d 1252, 1253 (11th Cir. 2000); <u>Akins v. United States</u>, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). At the time of Petitioner's sentencing, a criminal defendant had ten days to file an appeal of his sentence. FED. R. APP. P. 4(b)(1)(A) (2005) (amended 2009).[2] Petitioner did not file a direct appeal. Petitioner's conviction therefore become final on September 7, 2001, ten days after judgment was entered. Petitioner then had one year, or until September 9, 2002, to file a timely Section 2255 motion. If Petitioner's representation as to the mailing of his petition is accepted as true, Petitioner's Section 2255 motion is considered to have been filed on March 1, 2011, under the prison mailbox rule. See <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001)

---

[1] The one-year limitation may be triggered by other events described in 28 U.S.C. § 2255(f); however, none of these grounds are applicable in this case.

[2] Under the current rules, a defendant has fourteen days to appeal. FED. R. APP. P. (4)(b)(1)(A) (2009).

(pursuant to the prison mailbox rule, a prisoner's pleading is deemed filed on the date that the litigation papers are delivered to prison officials for mailing). Petitioner therefore filed his Section 2255 motion at least nine years and five months after his conviction became final.

Petitioner contends that he should be afforded a later start date for the one-year limitations period pursuant to 22 U.S.C. § 2255(f)(3) because his sole claim relies upon Johnson, which was decided by the Supreme Court on March 2, 2010.[3] Section 2255(f)(3) requires that a petitioner's claim be based upon a right that has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Neither the Supreme Court nor the Eleventh Circuit has made Johnson retroactively applicable on collateral review. See e.g., Smith v. United States, 2012 WL 868888 (M.D.Fla. March 14, 2012). Although the Eleventh Circuit initially determined that Johnson was retroactively applicable in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), the Eleventh Circuit vacated that decision on rehearing *en banc*. See Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011).

Even if Johnson is retroactively applicable to cases on collateral review, the decision in Johnson does not save Petitioner's motion because the principles of law announced in Johnson are inapplicable to Petitioner's case. In Johnson, the Supreme Court held that a Florida felony conviction for battery does not constitute a "violent felony" under the ACCA. 130 S.Ct. 1265, 1273-74. As such, Johnson narrowed the field of offenses that statutorily constitute violent felonies under the ACCA. Id. Johnson, however, did not narrow the field of offenses to exclude robbery, arson, or burglary, which were the predicate offenses used to enhance Petitioner's sentence.

---

[3] In his Section 2255 motion, Petitioner represents that he placed his motion in the hands of prison officials for mailing exactly 364 days after the Supreme Court's decision in Johnson. The petition did not reach the Court for filing, however, until three months later, on June 1. For purposes of this Recommendation, it is assumed, without considering the credibility of Petitioner's representation, that Petitioner placed his motion in the hands of prison officials on March 1, 2011.

4

Petitioner cites Johnson for the proposition that that "[t]o qualify for an enhanced sentence as an ACCA, each predicate offense must have occurred on occasions different from one another." Doc. 27. The requirement that each predicate offense must have occurred on occasions different from one another is not a right newly recognized by the Supreme Court in Johnson. Section 924(e), as currently written and as was written at the time that Petitioner was sentenced, establishes the requirement that each predicate offense must have occurred on occasions different from one another. 18 U.S.C. § 924(e). Because the established law at the time of Petitioner's sentencing already provided that each predicate offense must have occurred on different occasions, Petitioner is not entitled to a later one-year limitations period based on the decision in Johnson. Accordingly, Petitioner's Section 2255 motion is time-barred.

Petitioner has also failed to show that he is entitled to equitable tolling of the one-year period of limitations. The one-year limitation period may be equitably tolled when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted). Equitable tolling is therefore only available if the petitioner establishes (1) extraordinary circumstances and (2) due diligence. Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007). If petitioner's delay in filing results from a lack of due diligence, courts need not consider whether extraordinary circumstances exist. Id. Moreover, "[e]quitable tolling is an extraordinary remedy and is applied sparingly." Id. (citing Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2003).

In this case, Petitioner does not make any argument for equitable tolling. Following an examination of Petitioner's Section 2255 motion and a review of the record, there is no apparent

basis for equitable tolling. Accordingly, Petitioner is not entitled to equitable tolling of the one-year limitations period.

Additionally, Petitioner has failed to show that he is actually innocent. A court may consider an untimely petition if refusing to consider the merits of the petition "would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent remain imprisoned." San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (internal quotation marks omitted). The actual innocence exception to the statute of limitations is extremely narrow in scope, and the petitioner must show that he is *factually innocent* rather than legally innocent to meet the exception. Id. at 1268. To meet this exception, a petitioner must show, based on reliable evidence not presented at trial, that no reasonable juror would have convicted him of the offense. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001).

Although the actual innocence exception may apply to a claim that a petitioner is actually innocent of a capital sentence,[4] the Eleventh Circuit has yet to determine if the actual innocence exception extends to instances involving noncapital sentences. McKay v. United States, 657 F.3d 1190 (11th Cir. 2011). Although the Eleventh Circuit did "not enter the debate regarding whether the actual innocence exception extends to the noncapital context," the court determined that, even if the exception does extend to noncapital sentences, the exception does not apply to claims of legal innocence. Id. at 1198-99. In order to establish that he is actually innocent of an ACCA enhancement, a petitioner would have to show that his is factually innocent of the predicate offense. See id. at 99. Accordingly, because a claim that a predicate offense does not constitute a violent felony under the ACCA is a claim of legal innocence, the actual innocence exception does not apply in those circumstances. Id.

---

[4] To establish actual innocence of a capital sentence, a petitioner "must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found [him] eligible for the death penalty under the applicable state law." Sawyer v. Whitley, 505 U.S. 333, 336 (1992).

In this case, Petitioner contends that he is actually innocent of the ACCA enhancement because "the Government failed to offer any of his prior convictions as violent felonies or serious drug offenses pursuant to the ACCA enhancement." Doc. 27. Petitioner offers no argument or authority to support his claim. Moreover, Petitioner's argument fails because his claim is one of legal innocence rather than factual innocence. Petitioner has failed to allege or argue that he did not commit the predicate offenses. Additionally, because Petitioner was indicted under Section 924(e), the indictment gave Petitioner notice that his prior convictions would be used as violent felonies to enhance his sentence. As such, Petitioner's argument is without merit.

Additionally, any argument that Petitioner is actually innocent of the ACCA enhancement because two his predicate offense occurred on the same date is without merit. Again, this is a claim legal innocence, and as such does not entitle Petitioner to the actual innocence exception. Moreover, it is established in the Eleventh Circuit that "so long as predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." United States v. Pope, 132 F.3d 684, 692 (11th Cir. 1998); see also United States v. Sneed, 600 F.3d 1326, 1329-30 (11th Cir. 2010). A showing that the defendant committed the crimes in different places is highly probative of the sequential nature of the crimes. Pope, 132 F.3d at 692.  Because Petitioner's arson and burglary convictions, although committed on the same day, occurred at two different locations involving two separate victims, his crimes were considered separate offenses for the purpose of the ACCA enhancement. As such, Petitioner cannot show that he is actually innocent of the ACCA enhancement. Accordingly, the actual innocence exception to the statute of limitations does not save Petitioner's Section 2255 motion from being time-barred.

CONCLUSION

Because Petitioner failed to file his Section 2255 within the one-year period of limitations and because Petitioner has failed to show that he is entitled to equitable tolling or that he is actually innocent of the crimes for which he was convicted, **IT IS RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be **DISMISSED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (10) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 16th day of October, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge